**UNITED STATES of America,
Plaintiff,**

v.

**Niyi AYENI, Defendant.**

**No. Crim.1:CR99–156.**

United States District Court,
M.D. Pennsylvania.

Sept. 29, 1999.

Lori J. Ulrich, Harrisburg, PA, for Defendant.

Niyi Ayeni, York, PA, pro se.

Gordon Alan Daniel Zubrod, U.S. Atty's Office, Harrisburg, PA, for U.S.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction*

Defendant, Niyi Ayeni ("Ayeni"), a native of Nigeria, has been charged with failing to comply with a final order of removal, in violation of 8 U.S.C. § 1253(a)(1)(A), (B) and (C). Defendant seeks to dismiss the indictment, contending that he was denied effective assistance of counsel during the underlying deportation proceeding, and that the deportation order on which the indictment is based is therefore invalid. The Government contends that we lack jurisdiction to consider Defendant's challenge because the deportation order was based on a firearms conviction and that Defendant cannot show that his attorney's actions caused him prejudice such that the order should be vacated.

### II *Background*

Ayeni entered the United States from Nigeria in 1989 as a permanent resident alien. In May 1995, he was convicted in Philadelphia, Pennsylvania, of two criminal offenses: criminal mischief and carrying a firearm in a public place or street. He was sentenced to one year of probation.

The Immigration and Naturalization Service ("INS") subsequently commenced deportation proceedings against Ayeni. At a hearing before an immigration judge ("IJ") in March 1996, Ayeni sought to terminate the deportation proceedings or, in the alternative, he requested that he be

granted voluntary departure. In a decision issued in November 1996, the IJ held that evidence of Ayeni's conviction was "clear, convincing, and unequivocal." Oral Decision & Order of IJ, Nov. 19, 1996, at 2. The FBI had confirmed through fingerprints that Ayeni was the person convicted in 1995, and the IJ found that the record of conviction was conclusive evidence of the firearms offense. The IJ then determined that, despite the firearms convictions, Ayeni would be permitted to voluntarily depart the country, and he was granted until January 2, 1997, to leave.

Ayeni appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). However, his attorney never filed a brief in support of the appeal even though he received an extension of time to do so. Accordingly, the BIA dismissed the appeal in October 1997 without addressing the merits, as permitted by 8 C.F.R. § 3.1(d)(1–a)(i)(E). Defendant claims that he never received notice of the BIA's decision because his attorney did not inform him of the outcome.[1]

On June 23, 1999, Defendant was charged in a one-count indictment with a violation of 8 U.S.C. § 1253(a)(1)(A), (B) and (C) for his failure to comply with the departure order. Defendant's motion to dismiss the indictment seeks collateral review of the underlying deportation order pursuant to 8 U.S.C. § 1252(b)(7). Defendant argues that the order should be vacated because he was prejudiced by his attorney's failure to prosecute his appeal and to inform him of the BIA's decision. Vacating the deportation order would mandate dismissal of the indictment.

## III. *Discussion*

As provided in 8 U.S.C. § 1253(a), an alien who is subject to a final order of removal and who "willfully fails or refuses" to depart or make application to depart, or "connives or conspires" in order to prevent such departure, may be fined or imprisoned or both. 8 U.S.C. § 1253(a). Section 1252(b)(7) of the Immigration and Nationality Act ("INA") allows a defendant charged with a violation of section 1253(a) to collaterally challenge the validity of the removal order, "[i]f the validity of an order of removal has not been judicially decided." 8 U.S.C. § 1252(b)(7). To obtain review a defendant must file a motion with the court prior to trial on the criminal charge.

### A. *Jurisdiction*

The Government contends that despite the availability of collateral review under section 1252(b)(7), we are nonetheless deprived of jurisdiction to review the Defendant's deportation order by 8 U.S.C. § 1252(a)(2)(C), which provides:

Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2) ... (C) ... of this title.

Section 1227(a)(2)(C) describes various firearms offense, including using or carrying a firearm, for which an alien may be deported. Because the departure order entered against Ayeni was based on his firearms offense, and Defendant now seeks review of that order, section 1252(a)(2)(C) appears to apply. Defendant argues, however, that we retain jurisdiction to review the departure order because section 1252(b)(7), which grants jurisdiction, specifically addresses section 1253(a) proceedings.

Courts that have considered the effect of section 1252(a)(2)(C) on direct review of deportation orders involving aliens with

---

1. Although not discussed by the parties, the BIA was required to serve Defendant with a copy of its decision. *See* 8 C.F.R. § 103.3(a)(2)(x) (1999) (providing that "[a] copy of the decision [on appeal] must be served on the affected party and the attorney or representative of record, if any"). Defendant does not contend that the BIA failed to comply with this obligation.

criminal convictions have found that the limitation controls over other INA provisions granting jurisdiction. *See Xiong v. INS*, 173 F.3d 601 (7th Cir.1999); *Hall v. United States INS*,. 167 F.3d 852 (4th Cir. 1999); *Morel v. INS*, 144 F.3d 248 (3d Cir.1998); *Okoro v. INS*, 125 F.3d 920 (5th Cir.1997); *Mendez–Morales v. INS*, 119 F.3d 738 (8th Cir.1997); *Hincapie–Nieto v. INS*, 92 F.3d 27 (2d Cir.1996); *Duldulao v. INS*, 90 F.3d 396 (9th Cir.1996).

On the other hand, the question of whether section 1252(a)(2)(C) precludes jurisdiction over a collateral attack of a deportation order brought under section 1252(b)(7) has not yet been addressed. The most analogous case is *United States v. Arce–Hernandez*, 163 F.3d 559 (9th Cir. 1998), in which the Ninth Circuit Court of Appeals considered whether the court retained jurisdiction over a collateral attack to a conviction under 8 U.S.C. § 1326, which penalizes reentry after deportation. In *Arce–Hernandez*, an alien, who was found guilty of illegally reentering the United States following deportation, challenged his earlier deportation proceeding. Because the alien had previously been convicted of a firearms offense, the government argued that the court lacked jurisdiction to review the deportation proceeding. The Ninth Circuit held that the INA provision barring "review by any court" of "any final order or deportation" was not definite enough to restrict all forms of judicial review.[2] *Id.* at 562 (quoting AEDPA, § 440(a)). The court observed that the alien was not seeking direct review of a final order. Instead, Arce–Hernandez was attempting to collaterally attack his conviction for illegal reentry on the grounds that he was illegally deported. *Id.*

The court determined that the statutory language forbidding review of "final orders of deportation" for aliens with criminal convictions, when compared with others provisions of the AEDPA, indicated that Congress did not intend to foreclose all forms of judicial review. *Id.* at 562 (citing *Chow v. INS*, 113 F.3d 659, 668 (7th Cir. 1997), *abrogated by LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998)). For example, with regard to decisions not to admit aliens into the United States, the INA precludes judicial review of "any individual determination or ... any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title." 8 U.S.C. § 1252(a)(2)(A)(i); *Arce–Hernandez*, 163 F.3d at 562 (quoting AEDPA, § 423(a)). The Ninth Circuit concluded that "[i]f Congress intended § [1252(a)(2)(C) ] to bar collateral review in connection with an appeal of a criminal conviction for violating 8 U.S.C. § 1326 (illegal reentry), it could have done so by using language like that in § [1252(a)(2)(A)(i) ]." *Arce–Hernandez*, 163 F.3d at 563.

■ Limiting the application of section 1252(a)(2)(C) to direct review of a final removal order is consistent with the narrow reading that has been given to other judicial review provisions of the INA. In *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), the Supreme Court held that section 1252(g), which provides that no court shall have jurisdiction to review decisions "to commence proceedings, adjudicate cases, or execute removal orders," bars judicial review of the three

---

**2.** The court in *Arce–Hernandez* was reviewing section 440(a) of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), which provided that "any final order of deportation .against an alien by reason of having committed a criminal offense covered in [INA] section 241(a)(2) ... (C) shall not be subject to review by any court." The Illegal Immigration Reform and Immigrant Responsibility

Act of 1996, Pub.L. 104–208, 110 Stat. 3009 (1996), *as amended by* the Extension of Stay in United States for Nurses Act of 1996, Pub.L. No. 104–302, § 2, 100 Stat. 3656 (1996), amended the AEDPA and replaced section 440(a) with the judicial review provisions now codified at 8 U.S.C. § 1252. The restriction on judicial review for aliens convicted of various crimes is essentially the same in the two versions.

specified actions only, not "the universe of deportation claims." *Id.* at ——, 119 S.Ct. at 943, 142 L.Ed.2d at 952. In *Sandoval v. Reno,* 166 F.3d 225 (3d Cir.1999), the Third Circuit considered the limits on judicial review contained in the 1996 amendments to the INA, including the language now codified at 8 U.S.C. § 1252(g), and determined that the court retained jurisdiction over habeas petitions brought under 28 U.S.C. § 2241 because the amendments did not expressly deprive the court of habeas jurisdiction. The argument for reading a statute so as to allow jurisdiction is particularly strong where, as here, the outcome of an administrative proceeding forms the basis for a criminal charge. *See United States v. Mendoza–Lopez,* 481 U.S. 828, 838, 107 S.Ct. 2148, 2155, 95 L.Ed.2d 772, 782–83 (1987) (holding that "where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense"). Accordingly, we conclude that because section 1252(a)(2)(C) does not explicitly preclude jurisdiction over collateral attacks to a removal order we retain jurisdiction to consider Ayeni's challenge to his deportation proceedings.

### B. *Challenge to the Deportation Proceedings*

Defendant claims that his attorney in the deportation proceedings failed to file a brief with the BIA, resulting in the dismissal of his appeal, and failed to inform him of the final order of removal that was entered in October 1997. Defendant alleges that these failures on the part of his attorney amounted to ineffective assistance of counsel and that for these reasons the deportation order should be vacated.

■ Although section 1252(b)(7) authorizes the court to determine the validity of a removal order entered against a defendant charged under section 1253(a) with ignoring that order, the statute does not outline the standards by which the order should be assessed. *See* 8 U.S.C. § 1252(b)(7). However, to succeed in a collateral attack on administrative proceedings in the context of an illegal reentry (in violation of 8 U.S.C. § 1326), a defendant must "demonstrate that: (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Zarate–Martinez,* 133 F.3d 1194, 1197 (9th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 123, 142 L.Ed.2d 99 (1998); *see also United States v. Espinoza–Farlo,* 34 F.3d 469, 471 (7th Cir.1994) (citing cases); *United States v. Clarke,* 881 F.Supp. 115, 118 (D.Del. 1995). Because illegally reentering the country and refusing to comply with a removal order are similar offenses, we conclude that the same standard should be used to evaluate deportation proceedings that form the basis of a charge under either section 1326 or section 1253(a).

■ Defendant argues that the effectiveness of counsel must be measured by the *Strickland* standard because he has been criminally charged. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the underlying deportation proceeding was a civil, not a criminal, proceeding. *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1038, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778, 785 (1984). Accordingly, an alien in an immigration proceeding, although entitled to due process, is not protected by the Sixth Amendment right to counsel. *Lozada v. INS,* 857 F.2d 10, 13 (1st Cir.1988).

■ Ineffective assistance of counsel in a deportation proceeding will constitute a due process violation "only 'if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Ramirez–Durazo v. INS,* 794 F.2d 491, 499–500 (9th Cir.1986) (quoting *Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir.1985)). To prevail, the alien must prove " 'not merely ineffective assistance

of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause.'" *Id.* at 500 (quoting *Magallanes-Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986)). The failure of Defendant's attorney to file a brief in support of his appeal to the BIA may amount to a denial of due process. *See id.* at 500–01 (attorney's failure to submit brief was a "significant defect"). However, Ayeni must also prove that he was prejudiced by this failure. This he cannot do. *See Zarate-Martinez,* 133 F.3d at 1198.

Moreover, Defendant cannot establish a due process violation in the failure of his attorney to inform him of the BIA's decision. Because the BIA notified Defendant's attorney of the summary dismissal of his appeal, Defendant is considered to have received notice. *See* 8 C.F.R. § 292.5(a) (providing that when an alien in removal proceedings is represented, any service shall be made on the attorney). The fact that the attorney may not have forwarded this information to Defendant is not a due process violation. *Anin v. Reno,* 188 F.3d 1273, 1277 (11th Cir.1999) (citing cases).

To show prejudice resulting from his attorney's failure to file a brief in support of his appeal, Defendant must indicate "'plausible grounds of relief which might have been available to him but for the deprivation of rights.'" *Id.* (quoting *United States v. Leon–Leon,* 35 F.3d 1428, 1432 (9th Cir.1994)). Defendant has not attempted to argue that he might have obtained a different outcome on appeal, nor does he dispute that he is deportable because of his firearms conviction. *See* 8 U.S.C. § 1227(a)(2)(C). Defendant argues only that if he had received notice of the BIA's decision he might have responded differently, either by seeking some unspecified relief from the BIA or by pursuing an immigrant visa petition that was filed on his behalf by his mother. However, Defendant did obtain some relief from the IJ in that the IJ exercised his discretion to grant Defendant voluntary departure rather than ordering deportation. *See Clarke,* 881 F.Supp. at 118 n. 2 (listing voluntary departure among the available types of relief from deportation). And, as stated above, the alleged lack of notice is not a due process violation. Defendant has not demonstrated that any other outcome could have resulted had counsel filed a brief and/or notified him of BIA's decision. Accordingly, Defendant was not prejudiced and his motion to dismiss will be denied.

We will issue an appropriate order

### ORDER

AND NOW, this 29th day of September, 1999, upon consideration of Defendant's motion to dismiss the indictment, filed August 9, 1999 (Doc. No. 14), it is Ordered that the motion is denied.