NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0161n.06

No. 15-6042

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
Mar 22, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DJELIMADOU DIABATE,

     Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

**OPINION**

---

Before:     KETHLEDGE, DONALD, and ROTH,[*] Circuit Judges.

JANE R. ROTH, Circuit Judge.

Djelimadou Diabate, a native of Mali, appeals his conviction of hampering removal in violation of 8 U.S.C. § 1253(a)(1)(C). Diabate argues the district court erred in (1) denying his motion to dismiss the indictment, and (2) refusing his request to instruct the jury regarding the justification defense. For the reasons that follow, we affirm the conviction.

**I.    Background**

In 1998, Diabate legally entered the United States on a B-1 Visitor Visa, valid for ninety days. He failed to depart after the period expired. In 2005, Diabate applied for asylum, using the identity of a Mauritanian national, and based his application on violence and terrorism in Mauritania. The Immigration Judge denied Diabate's petition and ordered his removal. Diabate

---

[*] The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

appealed and the Board of Immigration Appeals (BIA) dismissed the appeal. Diabate again did not depart. In 2011, Diabate, using his own identity, applied for lawful permanent residency and requested a stay of the removal order. Both petitions were denied. In 2012 the Immigration and Naturalization Service issued Diabate a warning for failure to depart that set forth penalties of noncompliance. Diabate signed the form acknowledging service. In 2013, the government issued four more warnings for failure to depart that also specified penalties for noncompliance. Diabate refused to acknowledge service of those warnings. Later in 2013, Diabate, using his own identity, petitioned the BIA to reopen the proceeding that resulted in the removal order, acknowledging he had used the identity of another individual in that proceeding. This time, he based his asylum application on the threat of terrorism and the potential Ebola virus outbreak in Mali. The BIA denied his petition.

In 2014, federal agents took Diabate to the Cincinnati airport to board a flight to Mali. Diabate refused to board and struggled with agents at the gate. Subsequently, Diabate was indicted and convicted by a jury of hampering his departure following a removal order, in violation of 8 U.S.C. § 1253(a)(1)(C). The district court sentenced him to fifteen months of imprisonment. Diabate appeals.

II.     **Discussion**

Diabate challenges his conviction on two grounds. First, he argues the district court erred in denying his motion to dismiss the indictment because the Immigration Judge did not provide notice of penalties for noncompliance. Second, he contends the district court erred in refusing his request to instruct the jury regarding the justification defense. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

2

### A. Denial of Motion to Dismiss the Indictment

The offense of hampering removal criminalizes conduct directed at preventing or hampering departure pursuant to a removal order. 8 U.S.C. § 1253(a)(1)(C). Because a removal order underlies the offense of hampering removal, an alien charged with hampering removal may challenge the validity of the removal order. 8 U.S.C. § 1252(b)(7)(A). If the removal order is found to be invalid, the court must dismiss the indictment. 8 U.S.C. § 1252(b)(7)(C). Diabate argues that his removal order was invalid because the Immigration Judge failed to notify him of the civil and criminal consequences of noncompliance with the order. We review *de novo* a district court's denial of a motion to dismiss the indictment based on a collateral attack on a prior removal order. *See United States v. Martinez-Rocha*, 337 F.3d 566, 569 (6th Cir. 2003); *In re Ford*, 987 F.2d 334, 339 (6th Cir. 1992) (reviewing *de novo* a district court's denial of a motion to dismiss an indictment on grounds that involve questions of law).

Although § 1252(b)(7)(A) provides for judicial review of the validity of removal orders, the provision does not specify a standard of review. Some courts have adopted the due process analysis used when reviewing a collateral attack of a removal order. Under that standard, an alien may establish a due process violation in connection with a removal order by demonstrating prejudice. *See, e.g.*, *United States v. Ayeni*, 66 F. Supp. 2d 617, 621 (M.D. Pa. 1999) (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)), *aff'd*, 254 F.3d 1079 (3d Cir. 2001). Another approach is to apply a reasonable doubt standard, consistent with the principle that in a criminal trial no person is guilty until each fact alleged against him or her is proven beyond a reasonable doubt. *United States v. Miszczuk*, 847 F. Supp. 2d 227, 232-33 n. 6 (D. Mass. 2012) (citing *In re Winship*, 397 U.S. 358, 363, (1970)). Here, the district court properly concluded, under either standard, the removal order was valid.

To be valid, a removal order must be "based upon reasonable, substantial, and probative evidence" that the alien is deportable. 8 U.S.C. § 1229a(c)(3)(A). As relevant to the instant petition, the statute designates as deportable those aliens who were inadmissible at the time of entry. 8 U.S.C. § 1227(a)(1)(A). Diabate conceded at his removal hearing that at the time of entry, he was inadmissible because he entered the United States without proper documentation. However, Diabate contends that the removal order was invalid because the Immigration Judge did not warn him of the consequences of failing to depart, as required by statute. 8 U.S.C. § 1229a(c)(5). Even though the Immigration Judge did not inform Diabate of those consequences at the removal hearing or in his decision, the government served Diabate with five written warnings that specified the penalties of noncompliance. Furthermore, the statute makes clear that a removal order is valid if based on "reasonable, substantial, and probative evidence" that the alien is deportable, and does not condition validity on notice of consequences of noncompliance. *See* 8 U.S.C. § 1229a(c)(3)(A). Therefore, we hold the removal order is valid and reject Diabate's arguments to the contrary.

### B. Denial of a Request for Jury Instruction

Diabate argues that the district court improperly refused to give the jury a proffered instruction on the justification defense, which "allows a defendant to escape responsibility despite proof that his actions encompassed all the elements of a criminal offense." *United States v. Kemp*, 546 F.3d 759, 765 (6th Cir. 2008) (internal quotations omitted). This Court reviews *de novo* the district court's determination that Diabate failed to established a prima facie case of justification, an issue of law. *United States v. Ridner*, 512 F.3d 846, 849 (6th Cir. 2008).

To be entitled to a justification instruction, a defendant must establish that (1) he was under an unlawful and imminent threat of death or serious bodily injury; (2) he had not

4

recklessly or negligently placed himself in the situation; (3) he had no reasonable, legal alternative to violating the law; (4) a direct causal relationship may be reasonably anticipated between the criminal action and avoidance of the threatened harm; and (5) he did not maintain the illegal conduct longer than necessary. *United States v. Singleton*, 902 F.2d 471, 472 (6th Cir. 1990). Although the burden in establishing these elements "is not a heavy one," the evidence must not be speculative. *Ridner*, 512 F.3d at 849-850 (quoting *United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994)); *United States v. Newcomb*, 6 F.3d 1129, 1132 (6th Cir. 1993). Diabate claims he feared being killed by Al-Qaeda members in Mali and contracting Ebola, pointing to country reports of Mali from 2013 and 2014 and travel warnings. However, those threats apply generally to anyone traveling in Mali, and a mere generalized fear of harm is insufficient to demonstrate imminence or immediacy. *See United States v. Campbell*, 675 F.2d 815, 821 (6th Cir. 1982); *United States v. Sixty Acres*, 930 F.2d 857, 860-61 (11th Cir. 1991). Diabate's assertion that two of his Malian friends who had returned from France might have been killed by the terrorist group is based on speculation. Equally unsupported is his claim that, if returned to Mali, he would be targeted because he would be perceived as wealthy for having lived in the United States. Accordingly, because Diabate failed to make out a prima facie case of justification, the district court properly omitted the instruction.

## III.   Conclusion

For the foregoing reasons, we affirm Diabate's conviction.

5