# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2153
_____

United States of America

*Plaintiff - Appellee*

v.

Yan Naing

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 12, 2016
Filed: May 2, 2016
_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.
_____

ARNOLD, Circuit Judge.

Yan Naing pleaded guilty to one count of failing to depart because he willfully failed or refused "to make timely application in good faith for travel or other documents necessary" for his departure after the Board of Immigration Appeals held that he was removable. *See* 8 U.S.C. § 1253(a)(1)(B). Naing appeals the district

court's[1] denial of his motion to dismiss the indictment, asserting that the deportation order that was a predicate for the charge against him was invalid. Naing also appeals the district court's grant of the government's motion in limine precluding him from raising a coercion defense at trial.

Naing, a citizen of Burma, entered the United States as a refugee. He later pleaded guilty in a Kansas state court to aggravated intimidation of a witness or victim, *see* Kan. Stat. Ann. § 21–3833 (repealed 2011) (now codified at Kan. Stat. Ann. § 21–5909(b)), and the government notified him that this conviction was an "aggravated felony" that rendered him deportable from the United States. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). After a number of hearings, the immigration judge determined that Naing was indeed deportable and denied his requests for discretionary relief. Naing appealed to the BIA, but it agreed with the IJ and dismissed the appeal. Naing pursued no other administrative or judicial avenues of relief; instead, he failed, contrary to his legal obligation, to procure the necessary travel documents needed for his deportation, leading to the government's indictment.

Naing maintains that he was not subject to a valid final order of removal—an element of a failure-to-depart charge—because of due-process errors that the IJ committed in the course of his deportation proceedings. A defendant charged with violating § 1253(a) may, by a motion in limine in the district court, challenge the "validity" of his deportation order if, as here, the order has not previously been judicially reviewed. 8 U.S.C. § 1252(b)(7)(A). It is not usual for courts to call an order "invalid" unless the entity that rendered it was without jurisdiction to do so or the order suffered from some other fundamental flaw. We do not ordinarily regard an order invalid merely because it was erroneous. Nevertheless, the scope of the challenge that this statute permits has been the subject of some dispute. Some courts

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

have borrowed the standard for collateral attacks used in the similar context of aliens charged with illegal reentry into the United States. *See, e.g.*, *United States v. Ayeni*, 66 F. Supp. 2d 617, 621 (M.D. Pa. 1999); *see also United States v. Matveyenko*, No. 4:12–CR–306 CEJ (NAB), 2013 WL 1090338, at *3 (E.D. Mo. Feb. 28, 2013). Under that statute, an alien must show that fundamental errors in the deportation proceeding improperly deprived him of the opportunity for judicial review and that he exhausted his administrative remedies. 8 U.S.C. § 1326(d). Other courts have intimated that the scope of the challenge under the statute applicable here is much broader and mirrors that of a direct review of the entire deportation proceeding. *See United States v. Diabate*, No. 15–6042, 2016 WL 1104865, at *2 (6th Cir. Mar. 22, 2016). We need not resolve the issue because Naing's challenges fail under any standard. We therefore proceed as if the underlying deportation order is on direct review.

We review an alien's due-process challenges de novo. *Bracic v. Holder*, 603 F.3d 1027, 1032 (8th Cir. 2010). To prevail on such a claim, Naing must show that there was a fundamental procedural error that resulted in prejudice to him; prejudice arises when "the outcome of the proceeding may well have been different had there not been any procedural irregularities." *Id.*

The first of Naing's contentions is related to his right to counsel at his deportation proceeding. Although aliens have no Sixth Amendment right to counsel in immigration proceedings, they do have a statutory right to have counsel represent them at their own expense under 8 U.S.C. §§ 1229a(b)(4)(A) and 1362. The IJ must advise the alien of his right to have counsel present, require him "to state then and there whether he" desires representation, advise him of the availability of local pro bono legal services, and ensure that he has received a list of pro bono legal-services providers. 8 C.F.R. § 1240.10(a)(1)–(2). Here, the IJ advised Naing of his right to counsel during his first immigration hearing and ensured that he received the required list, and Naing informed the IJ that he wanted an attorney. The IJ recommended several times at this hearing that Naing speak with an attorney and suggested ways

to contact one, and the IJ continued the proceedings to allow Naing to hire counsel. When proceedings resumed more than five weeks later, Naing appeared without an attorney. The IJ did not question Naing again about his desire for counsel, and Naing contends that the IJ violated due process by proceeding without an affirmative waiver of counsel from him.

We see no fundamental unfairness here. Given the circumstances, the IJ was justified in assuming that Naing wished to proceed without counsel, that, in other words, he had waived his right to representation. Naing said nothing at the second hearing suggesting that he needed more time to obtain counsel. *See United States v. Loaisiga*, 104 F.3d 484, 486 (1st Cir. 1997). The IJ advised Naing multiple times of his right to counsel at the first hearing and provided Naing five weeks to obtain one and suggestions for how to do so. In short, the IJ did nothing identifiably unfair, "[a]nd absent some signal from [Naing]—such as a plausible request for a further delay—we do not think that" the IJ violated due process by proceeding to the merits. *Id.*

Naing's second due-process contention is that the IJ and the BIA failed to advise him of his right to judicial review, and we see no evidence that they did. The government points out that the IJ told Naing at least twice that he had a right to appeal, once advising of a right to appeal "to a higher court." But in the context these statements are best understood as referring to an appeal to the BIA, not a federal court, not least because there is no right to direct judicial review of an IJ's order. Nonetheless, we reject Naing's contention. It is true that we have held that a mere failure to advise an alien in a deportation proceeding of his right to judicial review ordinarily precludes the government from later using that deportation proceeding as a predicate for a criminal offense against him. *See United States v. Santos-Vanegas*, 878 F.2d 247, 251 (8th Cir. 1989). But in this case Naing can show no resulting prejudice. *See id.* The only possibly meritorious argument that Naing has that the IJ and BIA erred in holding him removable is that the Kansas crime of which he was

convicted was not an "aggravated felony" that renders him removable under the law. Naing made this argument to the district court and he makes it again here, but he did not appeal that issue to the BIA, nor did the BIA rule on it. So that issue would not have been reviewable had Naing appealed the BIA's order. *See Ming Ming Wijono v. Gonzalez*, 439 F.3d 868, 871–72 (8th Cir. 2006). In short, Naing forfeited the point by failing to raise it before the BIA, and so he could not possibly have obtained any relief in a federal court on that point. Naing suffered no prejudice from not having been told of his right to appeal.

Naing next insists that he was given no reasonable opportunity to examine evidence against him because he did not receive a translated copy of the 2011 State Department report on human rights in Burma used to reject his request for deferral of removal under the Convention Against Torture. *See* 8 U.S.C. § 1229a(b)(4)(B). Even if this was error, which we doubt, Naing has not demonstrated how it prejudiced him. He never explains how he would have rebutted this report or how "the outcome of the proceeding may well have been different" had he received a translated copy of it sooner. *See Bracic*, 603 F.3d at 1032.

Finally, Naing challenges the district court's grant of the government's motion in limine precluding him from raising a coercion defense or calling an expert in support of that defense. We review the district court's denial of a proffered legal defense de novo, *United States v. Diaz*, 736 F.3d 1143, 1150 (8th Cir. 2013), and while we typically review the exclusion of testimony intended to establish an affirmative defense for abuse of discretion, we review the exclusion de novo where it was based on the legal insufficiency of an affirmative defense. *United States v. Andrade-Rodriguez*, 531 F.3d 721, 723 (8th Cir. 2008) (per curiam).

A defendant is entitled to a jury instruction on an affirmative defense if he can demonstrate an "underlying evidentiary foundation" for each of its elements. *United States v. Hudson*, 414 F.3d 931, 933 (8th Cir. 2005). The evidence of each element

must be sufficient for a reasonable jury to find in the defendant's favor. *Diaz*, 736 F.3d at 1149–50.

A coercion defense requires a defendant to prove, among other things, "that he had no reasonable, legal alternative to violating the law." *Id.* at 1150. But Naing in fact had such alternatives to failing to procure the documents necessary for his departure. He could have moved the BIA to reconsider or reopen the immigration proceedings, 8 C.F.R. § 1003.2(b)–(c), petitioned this court for review, 8 U.S.C. § 1252(b)(2), or affirmatively designated another country for removal rather than requesting that he be deported to any country but Burma. 8 U.S.C. § 1231(b)(2)(A)(i). Because the evidentiary predicate for a successful coercion defense is lacking, the district court committed no error precluding Naing from raising it.

Affirmed.

_____