# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2535

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Wolfe, also known as Chuck Wolfe

*Defendant - Appellant*

_____

No. 18-2536

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Wolfe, also known as Chuck Wolfe

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 13, 2019
Filed: August 6, 2019
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Charles Wolfe appeals the district court's[1] denial of his motions to dismiss indictments for conspiracy, *see* 21 U.S.C. § 846, to violate the Controlled Substance Analogue Act ("Analogue Act"), *see id.* §§ 802 and 841. He also appeals the district court's grant of a motion *in limine* preventing him from presenting an advice-of-counsel defense at trial. We affirm.

Wolfe claims that the district court should have dismissed the indictments because the Analogue Act is unconstitutionally vague. We review the denial of a motion to dismiss an indictment *de novo*. *United States v. Askia*, 893 F.3d 1110, 1116 (8th Cir. 2018). The Analogue Act states that "[a] controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule I." 21 U.S.C. § 813. A controlled substance analogue is a substance that is "substantially similar" to a controlled substance in schedule I or II with respect to either its chemical structure or its "stimulant, depressant, or hallucinogenic effect." 21 U.S.C. § 802(32)(A).

_____

[1] The Honorable Audrey J. Fleissig, Unites States District Judge for the Eastern District of Missouri.

Wolfe contends that the phrase "substantially similar" renders the act unconstitutionally vague because it "lends itself to arbitrary enforcement and does not put an individual of average intelligence on notice of what substances are illegal." He relies on *United States v. Johnson*, in which the Supreme Court voided the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. 135 S. Ct. 2551, 2556-57 (2015). "The same vagueness and arbitrariness, the same inability to discern what the ordinary version of an offense looks like that plagues the [ACCA]," he argues, "exists within the Analogue Act." But we rejected this very argument in an appeal brought by Wolfe's co-conspirators. *United States v. Palmer*, 917 F.3d 1035, 1038 (8th Cir. 2019). In *Palmer*, we determined that *Johnson* did not affect prior precedent upholding the constitutionality of the Analogue Act. *Id.*; *see also McFadden v. United States*, 135 S. Ct. 2298, 2306-07 (2015) (holding that the Analogue Act is not unconstitutionally vague); *United States v. Carlson*, 810 F.3d 544, 550 (8th Cir. 2016) (rejecting the argument that "the Analogue Act is unconstitutional because it does not provide notice of which acts are criminal and permits arbitrary enforcement contrary to the Due Process Clause"). The district court therefore properly denied Wolfe's motions to dismiss.

Wolfe also claims that he should have been permitted to present an advice-of-counsel defense at trial. "We review the district court's denial of a proffered legal defense de novo." *United States v. Yan Naing*, 820 F.3d 1006, 1011 (8th Cir. 2016). "A defendant is entitled to a jury instruction on an affirmative defense if he can demonstrate an underlying evidentiary foundation for each of its elements." *Id.* (internal quotation marks omitted). "The evidence of each element must be sufficient for a reasonable jury to find in the defendant's favor." *Id.* "[T]o rely upon the advice of counsel in his defense, a defendant must show that he: (i) fully disclosed all material facts to his attorney before seeking advice; and (ii) actually relied on his counsel's advice in the good faith belief that his conduct was legal." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

In support of his proffered defense, Wolfe submitted to the district court letters from his former attorney analyzing whether the substances Wolfe conspired to distribute were considered controlled substances "under the varying legal parameters used by each individual state in defining Scheduled substances." He claims that his reliance on those letters, which indicated that the substances were legal in some states and under some federal laws, should have entitled him to an advice-of-counsel defense.

But a reasonable jury could not have found that Wolfe both (1) fully disclosed all material facts to his attorney before seeking the legal opinion and (2) relied on that opinion in "the good faith belief that his conduct was legal." Each letter, for instance, stated that it did not offer an opinion about the "safety or efficacy" of the substances or "recommend them for human consumption." Nevertheless, the conspiracy depended on people purchasing the substances for human consumption. Thus, either Wolfe failed to disclose to his attorney that the substances would be used for human consumption or Wolfe failed to rely on his attorney's recommendation not to distribute the substances for the purpose of human consumption. The letters also do not mention the Analogue Act and say nothing about what information Wolfe provided to his attorney in connection with his request for the letters. Even when the district court gave Wolfe the opportunity to provide a "full proffer of evidence to be offered, including the testimony of [his former attorney] and the information provided to counsel in connection with the opinion," Wolfe offered no additional evidence. The district court therefore properly granted the Government's motion *in limine* to prohibit Wolfe from raising an advice-of-counsel defense at trial.[2]

_____

[2] Wolfe also claims that he "should have been allowed to present evidence of the advice he received and what impact that [advice] had on his mens rea for the crime alleged." To the extent that this is an argument for admission of the letters into evidence unrelated to his proffered advice-of-counsel defense, our review is for an abuse of discretion. *See United States v. Jirak*, 728 F.3d 806, 813 (8th Cir. 2013). The district court concluded that the probative value of the letters was "far

For these reasons, we affirm.

_____

---

outweighed by their prejudicial impact and the risk of misleading the jury." This conclusion supports the exclusion of the letters from evidence, *see* Fed. R. Evid. 403, and is one that we accord "great deference" to the district court when reviewing. *See United States v. Pumpkin Seed*, 572 F.3d 552, 558 (8th Cir. 2009). Applying this deferential standard and considering our above discussion about the many evidentiary issues presented by the letters, we conclude that the district court did not abuse its discretion by excluding them from evidence.