# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-2416
_____

Saqer Salman; Dina Salman; N. Salman; A. Salman

*Petitioner*s

v.

Eric H. Holder, Jr., Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Appeal from Board of Immigration Appeals

_____

Submitted: January 11, 2012
Filed: August 6, 2012

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Saqer Salman petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of removal. We deny the petition for review.

## I. Facts

Saqer Salman is a native and citizen of Israel. In 2005, Salman traveled to the United States with his wife and son after witnessing the murder of his uncle. Salman's uncle was murdered after he saw another man, Tawfiq Faroney, speeding past his house, and asked Faroney to slow down where children were playing. Following this confrontation, Faroney and his three brothers came to Salman's uncle's house while he was away, tried to break in, and slashed the tires on his car. Later that day, Salman's uncle filed a complaint with the police, and that night, Faroney and his son came to Salman's uncle's house and shot and killed him. The Israeli police subsequently investigated the murder and arrested Faroney and his son. Fearing for his safety, Salman, his wife Dina, and their son traveled to the United States. They entered the United States in September 2005.

Meanwhile, several members of the Faroney family called Salman's cousin and told him that if Salman returned to Israel to testify in the murder trial, they would shoot him. Nevertheless, Salman returned to Israel testify in December 2005 and remained there for twenty-five days. Salman's cousin, father, aunt, uncle, and cousin's friend also testified at the murder trial, which ended in Faroney's and his son's conviction for murder. The two men were sentenced to twenty and twenty-four years' imprisonment, respectively. After the trial, on February 22, 2006, Salman returned to the United States and was admitted as a nonimmigrant visitor for pleasure. In Israel, the Faroney family continued to harass several members of the Salman family. However, Salman's father, who also testified at the trial, continues to live in Israel and has not been harmed.

On September 21, 2006, the government commenced removal proceedings against Salman. In response, Salman submitted an application for asylum under 8 U.S.C. § 1158, claiming he feared persecution if he were to return to Israel. Because he submitted this application after removal proceedings were commenced, his

application was also considered a request for withholding of removal under 8 U.S.C. § 1231(b)(3). After a hearing, an Immigration Judge (IJ) found against Salman and ordered that his application for asylum and withholding of removal be denied. In his decision, the IJ found Salman's testimony to be consistent and credible. However, he found no evidence that any mistreatment Salman suffered rose to the level of past persecution, that the government of Israel would be unable or unwilling to protect him, or that Salman's fear of returning was based on any of the statutorily enumerated grounds in 8 U.S.C. § 1231(b)(3).

After changing counsel, Salman filed a motion with the BIA to reopen and remand the case based on new evidence—an expert report on "the unique clan structure of Arab society in the Middle East," which involves "deep-seeded hatred among certain clans, and long-lasting feuds that fall outside the protections of civil society." Salman also filed an appeal on the merits of the IJ's decision to the BIA. The BIA adopted and affirmed the IJ's decision regarding Salman's failure to meet his burden of establishing standards for asylum and withholding of removal. The BIA also denied the motion to reopen and remand, holding that the new evidence Salman sought to present was not previously unavailable and would not materially change the outcome of the IJ's decision.

From this decision, Salman petitioned to this Court. Here, he argues that the BIA erred in (1) accepting the IJ's conclusion that he did not meet his burden of proof for establishing his claim of asylum and withholding of removal, and (2) denying his motion to reopen and remand. We affirm the BIA and IJ on both grounds.

II. Asylum and Withholding of Removal

Because the BIA affirmed the IJ's decision without a separate opinion, we treat the IJ's decision as the final agency decision. Mamana v. Gonzales, 436 F.3d 966, 968 (8th Cir. 2006). The findings of the IJ "are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the IJ's legal determinations de novo, "according substantial deference to the BIA's interpretation of the statutes and regulations it administers." Hassan v. Ashcroft, 388 F.3d 661, 665 (8th Cir. 2004) (citation omitted). "This Court will affirm the decision of the IJ and the BIA if it is supported by substantial evidence on the administrative record as a whole." Id. at 665. "We may not reverse merely because we would have decided the case differently." Id.

An applicant for asylum "bears the burden of demonstrating statutory eligibility for asylum by showing that a reasonable person in his or her position would have a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Feleke v. I.N.S., 118 F.3d 594, 598 (8th Cir. 1997); see also 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3). To meet this burden, the applicant must show both that he subjectively fears persecution, and that "a reasonable person in his position would fear persecution." Feleke, 118 F.3d at 598. Importantly, our cases and those of the BIA also hold that "persecution" requires the harm applicant fears to be "inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005) (citations and internal marks omitted).

Where an applicant seeks to establish that he fears persecution by a private party, the claim fails unless he shows that the incidents of abuse "occured with the imprimatur" of government officials. Id. (citation omitted). To make this showing, the applicant must show more than just a "difficulty controlling private behavior." Id. (internal quotation marks, citations, and alterations omitted). Rather, he must demonstrate that the government condoned the private behavior "or at least demonstrated a complete helplessness to protect the victims." Id. (citation omitted). In particular, "the fact that police take no action on a particular report does not

-4-

necessarily mean that the government is unwilling or unable to control criminal activity, because there may be a reasonable basis for inaction." Id.

Here, the IJ did not err in finding that Salman failed to establish that the government condoned or was powerless to protect against the private behavior that is the basis of his fear of persecution.[1] The basis of Salman's fear of persecution is the harassment of himself and his family by Faroney's family—a group of private actors. Salman claims that because he and his family (and the Faroneys) are of Arabic descent, they "will not be adequately protected by the Israeli government." But Salman did not present any evidence to the IJ or to this Court to support this claim. Moreover, the events that occurred after the murder of Salman's uncle belie this claim. Within one year of the murder, the Israeli police arrested Faroney and his father, and an Israeli court tried and convicted them of murder and sentenced them to imprisonment. This is hardly a "complete helplessness to protect the victims." Mejivar, 416 F.3d at 921.

Salman did not establish that the government condoned this harassment or was helpless to protect against it, and the IJ therefore did not err in holding that Salman failed to meet his burden of demonstrating statutory eligibility for asylum. Because we hold that the IJ did not err on this issue, we need not decide whether the IJ erred in holding that Salman did not establish that his mistreatment rose to the level of past persecution, or that his persecution was not based on the statutorily enumerated grounds in 8 U.S.C. §§ 1158(b)(1)(B)(I) and 1231(b)(3).

---

[1]The government argues that Salman has waived this issue on appeal because he "does not specifically argue he established a nexus between his fears of persecution and a protected ground, or the record evidence shows the government is unwilling or unable to protect him from harm." However, while Salman's arguments on this issue may not be fully developed, they are present in his brief, and thus the issue is not waived.

III. Motion to Reopen and Remand

Salman argues that the BIA violated his right to due process in denying his motion to reopen and remand. We review Salman's due process challenge de novo, as it presents a purely legal issue. Bracic v. Holder, 603 F.3d 1027, 1032 (8th Cir. 2010). Salman may establish a due process violation by "demonstrat[ing] both a fundamental procedural error and that the error resulted in prejudice." Id. (quoting Lopez v. Heinauer, 332 F.3d 507, 512 (8th Cir. 2003). Here, Salman's claim fails because he has shown no procedural error.

The evidence for which Salman sought to reopen his deportation proceedings is an expert report on country conditions and Arabic culture in Israel. The report paid special attention to "[t]he problem of blood feuds and honor codes in Arab society." Motions to reopen and remand are "disfavored because of the strong public interest in bringing litigation to a close" and because granting them can allow endless prolongation of asylum proceedings. Gebremaria v. Ashcroft, 378 F.3d 734, 737 (8th Cir. 2004). There are at least three grounds on which the BIA may deny a motion to reopen: (1) "failure to establish a prima facie case for asylum;" (2) "failure to introduce previously unavailable, material evidence, or failure to reasonably explain why asylum was not initially sought;" or (3) "a determination that the movant would not be entitled to this discretionary relief." Id.

Salman has not demonstrated that the report he seeks to introduce was previously unavailable. Salman's counsel claims that he did not introduce this evidence at the hearing with the IJ because "it was not until the IJ actually delivered his decision that we discovered that the IJ felt that the blood feud between the Faroneys and the Salmans was not the basis of an objectively reasonable fear." However, as discussed above, Salman bears the burden of establishing that his fear was objectively reasonable. That the IJ did not inform Salman of his opinion on the case while he was presiding over a hearing does not absolve Salman of his burden.

Moreover, the BIA did not err in holding that "respondent did not assert or demonstrate that prior counsel provided ineffective assistance of counsel pursuant to Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988)." As Salman's current counsel reiterates in the brief to this Court, there was no attempt to make an ineffective assistance of counsel motion to the BIA. Nor could there have been under Matter of Lozada: Salman has not shown that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Matter of Lozada, 19 I & N at 638. Because Salman has not pointed to any other reason why this report was previously unavailable, the BIA did not commit a fundamental procedural error in denying Salman's motion.

## IV. Conclusion

For the foregoing reasons, the petition for review is denied.

_____