# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 13-3733

———————————————

Ming Li Hui

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: September 10, 2014
Filed: October 14, 2014

————————

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

————————

MURPHY, Circuit Judge.

Petitioner Ming Li Hui, a native of Hong Kong, overstayed her visa and was placed in removal proceedings. She applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied all three claims, and the Board of Immigration Appeals (BIA) affirmed. Hui now seeks a petition for review focusing on the denial of withholding of removal. After due consideration, we deny her petition.

Hui bases her claims for relief on physical and emotional abuse by her mother. She asserts that her mother severely abused her as a child "because she hated girl[s]." The abuse included the mother burning her hand with a cigarette butt, withholding food, calling her "trash, garbage," and telling her she "wish[ed] you'd die soon." Hui was also forced to do all the household chores. When she was eight years old, her mother cut Hui's hair short and made her dress like a boy. During high school, Hui worked at McDonald's in addition to doing chores at home, and her mother confiscated all of her earnings. Her two brothers were not mistreated. Hui was unable to escape the abuse until 1999, when at about 20 years old she was promoted to assistant manager at McDonald's and could afford to move away from home. Her mother located her in 2003, however, and threatened to kill her grandmother if she did not return to the mother's apartment. Hui warned her grandmother but continued to live independently. Her mother did not attempt to carry out her threat, and Hui did not see her again before she left Hong Kong for the United States.

Hui entered the United States on February 2, 2004 with a nonimmigrant visa and remained past its expiration. She received a notice to appear on November 10, 2008, charging her with removability under 8 U.S.C. § 1227(a)(1)(B). Hui conceded removability and applied for asylum, withholding of removal, and protection under CAT. At a hearing before an immigration judge on October 24, 2011, Hui testified about her mother's abuse and stated that she is afraid to return to Hong Kong and that family members have told her that her mother has threatened to kill her and her infant son if she were to return. Hui acknowledged that she had never contacted the police to report her mother's abuse and stated that she feared her mother would kill her if she returned to Hong Kong before she could contact the authorities. To corroborate her testimony, Hui submitted letters from relatives. She also submitted articles about child abuse and the Chinese preference for sons as evidence of country conditions.

Hui argued she was eligible for asylum or withholding of removal because she was subject to past persecution on account of her membership in a particular social

group, namely "Chinese daughters [who are] viewed as property by virtue of their position within a domestic relationship." The IJ found Hui's testimony credible but determined that she did not meet the requirements for asylum, withholding of removal, or protection under CAT. The BIA agreed with the IJ's reasoning and affirmed. Hui petitions for review of the denial of withholding of removal.

The BIA's decision is reviewed "as the final agency action" but we also consider the findings and reasoning of the IJ if they have been adopted by the board. Diaz-Perez v. Holder, 750 F.3d 961, 963-64 (8th Cir. 2014). We review the decisions under the substantial evidence standard and we "reverse only if the petitioner demonstrates that the evidence is so compelling that no reasonable factfinder could fail to find in favor of the petitioner." Quiñonez–Perez v. Holder, 635 F.3d 342, 344 (8th Cir. 2011) (quotation omitted). To qualify for withholding of removal, an alien must show her "life or freedom would be threatened" in the country of removal "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The applicant bears the burden of proving eligibility, but she may establish a presumption that her "life or freedom would be threatened" by showing she has suffered past persecution in that country on account of a protected ground. 8 C.F.R. § 1208.16(b)(1)(i). The burden then shifts to the government to rebut the presumption by showing a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of" a protected ground or that the applicant could reasonably relocate within the country of removal to avoid a future threat. 8 C.F.R. § 1208.16(b)(1)(i)(A), (B).

In evaluating Hui's application for withholding of removal, the IJ assumed that Hui suffered past persecution on account of membership in the particular social group she identified. The IJ then considered the presumption that Hui would suffer future harm if she were removed to Hong Kong but concluded that the government had rebutted the presumption by showing a fundamental change in circumstances. That

-3-

change was Hui's age. The IJ noted that Hui lived apart from her mother from 1999 to 2004 and was not harmed during that time. Now as an adult, Hui is able to live alone. Moreover, the Department of State reports that Hong Kong has laws against domestic violence and child abuse, "and the government enforced the law." U.S. Dept. of State, 2010 Human Rights Report: China (includes Tibet, Hong Kong, and Macau) (2011). Hui's "earlier failure to contact the authorities [could] be attributed to her young age," but the IJ concluded there was no reason Hui could not now seek their protection. The IJ also determined that Hui could relocate to prevent future persecution. In affirming, the BIA agreed that the government had proven Hui's current age was a fundamental change in circumstances. Since the BIA did not reach the question of relocation, we do not address it. See Ixtlilco-Morales v. Keisler, 507 F.3d 651, 655 n.3 (8th Cir. 2007).

When a petitioner has suffered past persecution, a change in personal circumstances such as age may be a "fundamental change in circumstances" that rebuts any presumption of future threat to life and freedom. Ixtlilco-Morales, 507 F.3d at 654-55. Hui's testimony showed that she had only been abused when she lived with her mother, a circumstance she could not control as a child but now could. She would be able to contact the authorities if her mother were to threaten her again, and there is evidence that the Hong Kong government enforces laws against abuse. Hui testified that she feared the police would not arrive in time to protect her, but she failed to produce any evidence to support any fear that the Hong Kong government condoned abuse of adult daughters or "demonstrated a complete helplessness to protect the victims." Salman v. Holder, 687 F.3d 991, 995 (8th Cir. 2012).

We conclude that substantial evidence supports the determination by the IJ and the BIA that Hui's age was a fundamental change in circumstances such that her life or freedom would not be threatened if she returned to Hong Kong. The petition for review is therefore denied.

_____