# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2957

_____

Ruben Alva-Arellano

*Petitioner*

v.

Loretta E. Lynch

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 19, 2015
Filed: February 2, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Ruben Alva-Arellano petitions for review of the Board of Immigration Appeals's ("BIA") decision dismissing his appeal from an order of removal. Because the BIA did not err in its determination that Alva-Arellano's removal proceedings complied with the requirements of due process and because the BIA did not abuse its discretion by refusing to reopen and remand, we deny his petition.

Alva-Arellano, a native and citizen of Mexico, illegally entered the United States in 2003. The Department of Homeland Security ("DHS") served him with a notice to appear and initiated removal proceedings in September 2010. *See* 8 U.S.C. § 1182(a)(6)(A). After granting Alva-Arellano two continuances, the immigration judge ("IJ") held the removal hearing on November 27, 2012. Alva-Arellano admitted the removability charges but asked if DHS would agree to administrative closure of his case. DHS opposed this suggestion, and Alva-Arellano instead requested voluntary departure. The IJ granted his request but conditioned voluntary departure on the posting of a $500 bond. Absent posting of this bond, the IJ ordered that Alva-Arellano would be removed to Mexico.

Alva-Arellano obtained new counsel and appealed the IJ's decision to the BIA. In his appeal, Alva-Arellano argued, among other things, that the IJ violated his Fifth and Sixth Amendment rights by failing to inform him that he could seek asylum, withholding of removal, or relief under the Convention Against Torture. He further contended that his case warranted reopening or remand so he could petition for asylum. The BIA dismissed the appeal and declined to remand after finding no legal or factual error in the IJ's decision. Because Alva-Arellano had not submitted sufficient proof that he paid the $500 voluntary departure bond, the BIA entered the IJ's order of removal. Alva-Arellano now petitions for review.

In his petition, Alva-Arellano first contends that the BIA erred by finding that his removal hearing comported with the requirements of due process. He argues that the IJ committed a fundamental error by failing to advise him that he could apply for asylum, withholding of removal, or relief under the Convention Against Torture.

"[T]he question of whether an immigration hearing violates due process is a purely legal issue." *Bracic v. Holder*, 603 F.3d 1027, 1032 (8th Cir. 2010). We thus review the question *de novo*. *See Garcia-Gonzalez v. Holder*, 737 F.3d 498, 500 (8th Cir. 2013). To establish a due process violation in a removal hearing, an alien must

demonstrate both a fundamental procedural error and prejudice. *See Bracic*, 603 F.3d at 1032.

Alva-Arellano's due process argument fails because he has not shown that the IJ committed a fundamental procedural error. Under controlling federal regulations, an IJ has the duty to inform an alien of the availability of relief *only* (1) when the circumstances of the case reflect the alien's "apparent eligibility" for the particular form of relief at issue, 8 C.F.R. § 1240.11(a)(2), or (2) when the alien "expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed," *id.* § 1240.11(c)(1). *See Valencia v. Mukasey*, 548 F.3d 1261, 1262 (9th Cir. 2008). Alva-Arellano did not inform the IJ that he feared persecution, nor did he submit evidence from which the IJ should have recognized his apparent eligibility for asylum or other forms of relief. On the contrary, when the IJ asked what relief he sought, Alva-Arellano's attorney told the IJ that Alva-Arellano was ineligible for deferred action because of his age and that, although Alva-Arellano had a young daughter who was a United States citizen, he had not been in the United States long enough to qualify for cancellation of removal. Alva-Arellano identified only administrative closure as a possible alternative to removal. And after DHS opposed this suggestion, he asked for voluntary departure alone. Under these circumstances, the IJ did not commit a fundamental error by failing to inform Alva-Arellano about asylum or other possible avenues of relief. *See id.*

Alva-Arellano also contends in his petition for review that the BIA erred by dismissing his appeal instead of reopening proceedings and remanding his case. Although Alva-Arellano did not file a formal motion to remand, he attached an application for asylum to his appeal to the BIA, as well as an affidavit, several newspaper articles, and a Department of State travel warning. Alva-Arellano alleged that he did not produce this evidence earlier because neither his former attorney nor the IJ informed him that he could seek relief from removal. The BIA recognized that

Alva-Arellano "was seeking reopening of th[e] case" and construed his filings as a motion to remand.

We review the BIA's refusal to reopen and remand under the highly deferential abuse-of-discretion standard. *Valencia v. Holder*, 657 F.3d 745, 748 (8th Cir. 2011); *Berte v. Ashcroft*, 396 F.3d 993, 997 (8th Cir. 2005). "Motions to reopen and remand are 'disfavored because of the strong public interest in bringing litigation to a close' and because granting them can allow endless prolongation of . . . proceedings." *Salman v. Holder*, 687 F.3d 991, 996 (8th Cir. 2012) (quoting *Gebremaria v. Ashcroft*, 378 F.3d 734, 737 (8th Cir. 2004)). "The law expects the applicant will present the strongest evidence at the outset and does not give him another chance to bolster the record with evidence available earlier, but which he decided to hold back." *Guled v. Mukasey*, 515 F.3d 872, 882 (8th Cir. 2008). A motion to reopen therefore "must state new facts that are material to the outcome of the proceeding and [that] were neither available nor discoverable at the prior hearing." *Fongwo v. Gonzales*, 430 F.3d 944, 947 (8th Cir. 2005). The BIA should reopen proceedings "only if the new evidence presented 'could not by the exercise of due diligence have been discovered earlier.'" *Id.* (quoting *Krougliak v. INS*, 289 F.3d 457, 460 (7th Cir. 2002)). Similarly, "the BIA will not remand to the IJ to consider additional evidence proffered on appeal if the evidence was available and could have been presented at an earlier hearing." *Lee v. Holder*, 765 F.3d 851, 854 (8th Cir. 2014) (quoting *Berte*, 396 F.3d at 997).

We begin our analysis of this issue by noting that the "new" evidence Alva-Arellano provided to the BIA could have been discovered earlier through the exercise of due diligence. The newspaper articles describing the violence in Mexico were published before the November 27 hearing, and the affidavit referenced threats that had occurred over the course of several months prior to the removal hearing. In addition, the Department of State issued the travel warning concerning Alva-Arellano's native region one week before his hearing with the IJ. Although the IJ had

-4-

granted Alva-Arellano two continuances—first to obtain counsel and later for his counsel to prepare—Alva-Arellano did not submit any of this evidence to the IJ, nor did he express his fear of violence at the hands of drug cartels, the later-asserted basis for his asylum claim.[1]

Despite the apparent availability of the evidence, Alva-Arellano nevertheless contends that the BIA should have reopened and remanded the case for reconsideration because the evidence was not discoverable by him based on the IJ's and his counsel's failure to advise him about the possibility of applying for relief from removal. We conclude that the BIA did not err by declining to reopen the case based on this contention. First, Alva-Arellano was not excused from his burden to demonstrate that the evidence was previously unavailable simply because the IJ did not mention available forms of relief; as discussed above, the IJ had no duty here to inform him about asylum, withholding of removal, or relief under the Convention Against Torture. Second, our court has held that evidence presented with a motion to reopen was not previously unavailable simply because counsel advised a petitioner not to present it in an earlier removal proceeding. *Fongwo*, 430 F.3d at 947. Alva-Arellano has not alleged or demonstrated that his prior counsel was ineffective. And our precedent reveals that allegations of unavailability based on counsel's performance do not support remand if the petitioner fails to make a showing of ineffectiveness. *See Salman*, 687 F.3d at 996. Because the evidence was previously discoverable and because Alva-Arellano points to no other reason why he could not have found the evidence through the exercise of due diligence, we hold that the BIA did not abuse its discretion by refusing to reopen or remand the case.

---

[1]Moreover, we note that the evidence submitted to the BIA alleging fear of violence as a result of his military service in 1990 is suspect in light of his statement to the IJ that he was thirty-two years of age at the time of the hearing in 2012. If both statements are correct, the chronology would render him only ten years of age at the time of his alleged military service.

For the foregoing reasons, we deny the petition for review.

_____