# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2440

_____

Carlos Rueda-Juarez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 21, 2016
Filed: March 24, 2016
[Unpublished]

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Carlos Rueda-Juarez petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) denial

of his application for withholding of removal.[1]  We conclude that substantial evidence supports the determination that Rueda-Juarez does not qualify for withholding of removal based on his imputed political opinion.  See Ming Li Hui v. Holder, 769 F.3d 984, 986 (8th Cir. 2014) (reviewing BIA's decision as final agency action, but also considering findings and reasoning of IJ if BIA adopted them; decisions are reversed only if petitioner's evidence is so compelling that no reasonable factfinder could fail to find in his favor); see also Juarez Chilel v. Holder, 779 F.3d 850, 854 (8th Cir. 2015) (to qualify for withholding of removal, alien must show that based on protected ground, he experienced past persecution or there is clear probability his life or freedom would be threatened in proposed country if he was forced to return); cf. Marroquin-Ochoma v. Holder, 574 F.3d 574, 578 (8th Cir. 2009) (even assuming gang operated in political framework, generalized political motive for its forced recruitment would be insufficient to establish that members believed resistance to recruitment was based on anti-gang political motive, and no additional evidence in record supported Guatemalan petitioner's contention that threats were on account of imputed anti-gang political opinion).  The petition for review is denied.

———————————————————

[1]Rueda-Juarez does not challenge the denial of relief under the Convention Against Torture.  See Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012) (waiver of claims).