# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2149

_____

Jesus Parada-Castro

*Petitioner*

v.

Jefferson B. Sessions, III

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 19, 2018
Filed: March 28, 2018
[Unpublished]

_____

Before BENTON, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Jesus Parada-Castro petitions for review of an order of the
Board of Immigration Appeals (BIA), dismissing his appeal from the decision of an
immigration judge (IJ) denying him asylum, withholding of removal, and relief under
the Convention Against Torture (CAT). Parada-Castro claims the BIA erred (1) in
finding that the IJ's factual errors did not deprive him of due process, and in allowing

a single BIA member to review his case; (2) in upholding the IJ's finding that he did not establish a nexus between his feared harm and his proposed particular social group; (3) in upholding the IJ's finding that he could reasonably relocate within Mexico to avoid his feared harm; and (4) in upholding the denial of CAT relief.

Parada-Castro's first due-process argument is misdirected, as this court reviews the IJ's decision only to the extent the BIA adopted the IJ's findings and reasoning, and here, the BIA did not adopt the findings that Parada-Castro identified as erroneous, but instead conducted an independent review of the record and correctly set forth the facts upon which it based its determination. See Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016) (to establish that removal hearing has violated due process, alien must demonstrate both fundamental procedural error and prejudice); Iyamba v. I.N.S., 244 F.3d 606, 607 (8th Cir. 2001) (per curiam) (where BIA conducts independent review of IJ's findings, appellate review is of BIA decision). Parada-Castro's second due-process contention--alleging BIA error in allowing a single BIA member to review his case--is not subject to judicial review. Cf. Ngure v. Ashcroft, 367 F.3d 975, 983 (8th Cir. 2004) (concluding that BIA's decision whether to employ single-member "affirm without opinion" procedure in particular case is committed to agency's discretion and not subject to judicial review). Accordingly, this court concludes that Parada-Castro has failed to demonstrate that he was prejudiced by any fundamental procedural error. See Alva-Arellano, 811 F.3d at 1066.

Upon careful consideration of Parada-Castro's remaining arguments, this court concludes that substantial evidence supports the agency's determination that he was not entitled to asylum or withholding of removal due to persecution, or a well-founded fear of future persecution, on account of a protected ground. See De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); Gutierrez-Vidal v. Holder, 709 F.3d 728, 732 (8th Cir. 2013) (asylum requirements); Ngure, 367 F.3d at 989 (showing required for withholding of removal is even higher

than asylum's "well-founded fear" standard).  Further, substantial evidence also supports the agency's denial of CAT relief.  <u>See</u> <u>De Castro-Gutierrez</u>, 713 F.3d at 381 (requirements for protection under CAT).

The petition is denied.  <u>See</u> 8th Cir. R. 47B.

_____