# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3688

_____

Maleni Gutierrez Molina; Eduardo Yoneli Guido Gutierrez; Melina Elizabeth
Guido Gutierrez; Jorge Javier Guido Gutierrez

*Petitioners*

v.

Matthew G. Whitaker, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 17, 2018
Filed: December 12, 2018

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Maleni Gutierrez Molina and three of her children, Eduardo Yoneli Guido
Gutierrez, Melina Elizabeth Guido Gutierrez, and Jorge Javier Guido

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney
General Matthew G. Whitaker is automatically substituted for former Attorney
General Jefferson B. Sessions, III as the respondent in this case.

Gutierrez—natives and citizens of Mexico—petition for review of an order of the Board of Immigration Appeals denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture. This court denies the petition for review.

I.

Maleni Gutierrez Molina and her children were paroled into the United States in 2015. The government placed them in removal proceedings. Gutierrez conceded removability, but requested asylum, withholding of removal, and protection under the Convention Against Torture, based on fears that she and her family would be harmed if returned to Mexico.

"To be eligible for asylum, an applicant must show that she is unable or unwilling to return to her country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Marroquin-Ochoma v. Holder*, 574 F.3d 574, 577 (8th Cir. 2009), *quoting* **8 U.S.C. § 1101(a)(42)(A)**. The Gutierrezes seek asylum based on their membership in a particular social group.

At the removal hearing, Gutierrez and other family members testified that a cartel kidnapped Gutierrez's niece and demanded a ransom. The cartel released her the next day after her mother paid part of the ransom. Gutierrez and her children left Michoacan, Mexico, after the kidnappers demanded the rest of the money and threatened her family. The Gutierrezes recalled several other incidents. Eduardo received a threatening call from an unknown caller demanding money. After turning off his cell phone, he did not receive any more threats. A truck followed Melina once, but after waiting inside a house for 15 to 20 minutes, she walked home safely. Gutierrez testified she witnessed two people getting killed. The immigration judge asked several times why she did not report these crimes to police and questioned

whether her husband—a police officer in Mexico—would do anything if someone reported crimes to him.

During the hearing, Gutierrez's attorney did not elicit testimony identifying any particular social group. Instead, at the close of the hearing, her attorney stated "I do have proposed social groups if the Court would like it." The judge replied:

> No, it's not up to you to tell me what the social groups are, it's up to the [Gutierrezes] to do that. . . . [A]t the end of all the testimony and evidence, I don't find it particularly appropriate because you may propose a social group that I don't know anything about and I'm going to have to start asking more questions.

Her attorney replied, "Nothing further, Your Honor."

The judge analyzed Gutierrez's application for asylum based on her membership in three potential social groups: family, family members of police officers, and persons who resist gangs in Mexico. The judge found no well-founded fear of future persecution because Gutierrez failed to connect the kidnapping and other incidents to any protected ground. She also failed to demonstrate past persecution because her family experienced only unfulfilled threats lacking specificity and immediacy. Because they failed to establish their eligibility for asylum, the judge denied their claims for asylum and withholding of removal. The judge also denied relief under the Convention Against Torture.

Gutierrez appealed to the BIA, arguing the immigration judge violated the Due Process Clause and erred in finding no past persecution or well-founded fear of future persecution. The BIA rejected Gutierrez's due process arguments and affirmed the decision of the immigration judge.

## II.

Under the Due Process Clause of the Fifth Amendment, Gutierrez is entitled to a fundamentally fair hearing. *Tun v. Gonzales*, 485 F.3d 1014, 1025 (8th Cir. 2007), *citing Reno v. Flores*, 507 U.S. 292, 306 (1993); *Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004) ("The Fifth Amendment's due process clause mandates that removal hearings be fundamentally fair."). "For a removal hearing to be fair, the arbiter presiding over the hearing must be neutral and the immigrant must be given the opportunity to fairly present evidence, offer arguments, and develop the record." *Tun*, 485 F.3d at 1025, *citing* **8 U.S.C. § 1229a(b)(4)(B)**; **8 C.F.R. § 1240.10(a)(4)**. To establish a due process violation, Gutierrez "must demonstrate both a fundamental procedural error and resulting prejudice." *Kipkemboi v. Holder*, 587 F.3d 885, 890 (8th Cir. 2009). Prejudice requires "a showing that the outcome of the proceeding may well have been different had there not been any procedural irregularities." *Tun*, 485 F.3d at 1026.

Gutierrez alleges two due process violations. This court reviews these "*de novo*, as the question of whether an immigration hearing violates due process is a purely legal issue." *Bracic v. Holder*, 603 F.3d 1027, 1032 (8th Cir. 2010).

At the close of testimony, the judge stopped Gutierrez's attorney from proposing a particular social group. Gutierrez claims this deprived her of her right to counsel, violating the Due Process Clause. Even if this were a fundamental procedural error, she has not demonstrated any resulting prejudice. The judge analyzed Gutierrez's asylum claim based on her membership in the social groups of family, the family of police officers, and opposition to gangs. On appeal, Gutierrez claims that her attorney would have proposed that she was a member of the particular social group of people who oppose cartels. In her brief to the BIA, however, Gutierrez notes that opposition to gangs and opposition to cartels are "similar" groups. She has not articulated how her proposed social groups would have changed

-4-

the outcome of the proceeding. Without a showing of prejudice, the judge's social-group ruling is not a due process violation.

Gutierrez also claims the immigration judge violated her due process rights by repeatedly questioning her about her failure to report to police the crimes she witnessed, exhibiting a clear bias. Immigration judges shall question witnesses and develop the record. **8 C.F.R. § 1003.10(b)** ("Immigration judges shall administer oaths, receive evidence, and interrogate, examine, and cross-examine aliens and any witnesses."). The judge's questions whether Gutierrez reported these crimes and how police respond to reports were relevant to the persecution inquiry. *See **Shaghil v. Holder**,* 638 F.3d 828, 834 (8th Cir. 2011) ("'[P]ersecution' is a harm that is 'inflicted either by the government of [a country] or by persons or an organization that the government was unable or unwilling to control.'") (second alteration in original). Gutierrez claims, however, that the questions show "a judgment call against" her. However, judgments or hostility against a party are typically insufficient to prove bias. A judge's opinion based on "facts introduced or events occurring in the course of the current proceedings" and judicial remarks demonstrating hostility to the parties support a finding of bias when "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." **Liteky v. United States**, 510 U.S. 540, 555 (1994). Gutierrez has not alleged the judge formed an opinion of her based on anything outside the record. The judge's conduct here does not show a deep-seated favoritism or antagonism that precludes fair judgment. No violation of due process occurred.

## III.

Gutierrez presents two other arguments: the agency failed to consider her eligibility for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii); and her counsel was ineffective in not presenting evidence of her membership in the social groups of Mexican females and females unable to leave domestic relationships.

This "court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." **8 U.S.C. § 1252(d)(1)**. "Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter." *Ixtlilco-Morales v. Keisler*, 507 F.3d 651, 656 (8th Cir. 2007). Gutierrez did not seek humanitarian asylum before either the immigration judge or BIA. She also raises the ineffective assistance claim for the first time on appeal. Because she did not exhaust all administrative remedies, this court lacks jurisdiction over these claims.[2]

*  *  *  *  *  *  *

The petition for review is denied.

_____

---

[2]The motions to supplement the record and to strike references in a brief are denied as moot.