# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1587
_____

Jose Ricardo Rivera-Campos

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 22, 2021
Filed: November 29, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jose Ricardo Rivera-Campos, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an immigration judge's decision. The immigration judge denied his motion to reopen his removal proceedings, which he argued were fundamentally unfair.

Upon de novo review, we conclude Rivera-Campos's due process claim fails. See Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016) (standard of review). To establish a due process violation, Rivera-Campos needed to demonstrate both a fundamental procedural error and prejudice. See id. Even assuming there were fundamental procedural errors in his individual hearing before the immigration judge, we agree with the BIA that he did not demonstrate actual prejudice. See United States v. Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995) (citation omitted) ("Actual prejudice exists where defects in the deportation proceedings 'may well have resulted in a deportation that would not otherwise have occurred.'").

Rivera-Campos undisputedly sought reopening to apply for relief, but, as the BIA explained, he failed to submit the required documentary information. See 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); 8 C.F.R. § 1003.23(b)(3) (stating the same and adding that "[a]ny motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents"); see also Njie v. Lynch, 808 F.3d 380, 383-84 (8th Cir. 2015) (concluding that when a noncitizen seeks reopening for an immigration judge to consider an application for relief not previously filed, the noncitizen is "required to meet the substantive requirements" governing motions to reopen, including regulatory requirements). Because Rivera-Campos failed to comply, the BIA did not err in concluding he failed to establish prejudice. See Poniman v. Gonzales, 481 F.3d 1008, 1011 (8th Cir. 2007) (reiterating that a noncitizen's failure to establish a prima facie case for the substantive relief sought, and the failure to introduce previously unavailable, material evidence, are two of the at least three independent grounds on which the BIA may deny reopening (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988))); see also Ramirez v. Sessions, 902 F.3d 764, 772 (8th Cir. 2018) ("Even if the hearing contained fundamental errors, it is axiomatic in this Circuit that an alien's

due process claim must demonstrate both a fundamental procedural error *and* prejudice.").

To the extent Rivera-Campos also argues the BIA violated his due process rights by failing to prepare a transcript in response to his motion to reopen, we conclude the BIA did not err. Even assuming, without deciding, that he had a protected liberty interest in the discretionary grant of reopening, see <u>Ali v. Barr</u>, 924 F.3d 983, 987 (8th Cir. 2019), we conclude the transcript would not have altered the outcome for the reasons stated above.

For these reasons, we conclude the BIA did not err in denying the motion to reopen. <u>See</u> <u>Ramirez</u>, 902 F.3d at 775 (denials of motions to reopen are reviewed for an abuse of discretion). Accordingly, we deny the petition for review.

_____