# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3160
_____

Ricardo Jimenez-Flores

*Petitioner*

v.

Merrick B. Garland

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 23, 2024
Filed: May 29, 2024
[Unpublished]

_____

Before SMITH, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Ricardo Jimenez-Flores petitions for review of an order of the Board of Immigration Appeals (BIA) denying him cancellation of removal. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Jimenez-Flores challenges the agency's jurisdiction over his removal proceedings. While he acknowledges this court's precedent forecloses the argument that jurisdiction failed to vest because the Notice to Appear (NTA) issued by the Department of Homeland Security lacked time and date information, *see Ali v. Barr*, 924 F.3d 983 (8th Cir. 2019), he nevertheless urges the court to "reconsider" its precedent. This court finds no basis for reversal. *Cf. Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in this circuit that one panel is bound by the decision of a prior panel.").

Jimenez-Flores also raises a claim-processing argument, asserting that his objection to the NTA—raised after the immigration judge (IJ) issued its decision denying cancellation of removal and granting voluntary departure, but before the BIA resolved Jimenez-Flores's administrative appeal—was timely under BIA precedent, and requires remand to the BIA to terminate the removal proceedings or order service of a complete NTA. This court concludes that, under the circumstances presented in this case, where "substantive matters" were discussed and determined before any objections were raised, the argument is without merit. *See Amador-Morales v. Garland*, 94 F.4th 701, 704-05 (8th Cir. 2024).

Jimenez-Flores also asserts that the BIA applied an "incorrect legal standard" when it considered the hardship factors in his case. This court has jurisdiction to review the application of the statutory exceptional and extremely unusual hardship standard to an undisputed set of facts. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). Because this mixed question of law and fact is primarily factual, our review is deferential. *See id.* at 225. The court finds Jimenez-Flores's argument is unsupported by the record. The record shows that the IJ discussed the financial and familial burdens Jimenez-Flores's qualifying family members would face if he were removed; Jimenez-Flores's divorce from the mother of his eldest children, and the Salvadoran nationality of the mother of his younger children; the lack of serious medical or educational issues in the case; the adverse country conditions presented in the record; and the emotional burden that would be expected when a parent is removed. The BIA adopted the IJ's findings and reasoning; considered and

appropriately rejected Jimenez-Flores's appellate arguments as unpersuasive; and concluded that the hardship factors in the record, considered "both singularly and cumulatively," did not meet the required burden of proof. *See id.* at 215 (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001)). To the extent the agency considered factors that Jimenez-Flores believes are irrelevant to the hardship analysis or are "speculative," those factors do not negate the agency's other findings supporting the denial of relief. *See Malonga v. Mukasey*, 546 F.3d 546, 550 (8th Cir. 2008) (where BIA adopts IJ's decision and adds its own reasoning, this court reviews both decisions).

Finally, because this court concludes that Jimenez-Flores has not shown the agency committed any fundamental procedural error, it follows that there can be no due process violation. *See Alva-Arellano v. Lynch*, 811 F.3d 1064, 1066 (8th Cir. 2016) (de novo review; to establish due process violation, noncitizen must demonstrate both a fundamental procedural error, and prejudice).

The petition is denied. *See* 8th Cir. R. 47B.

_____